942 So.2d 520 (2006)
Donald F. HAYWOOD, Sr.
v.
E.I. DUPONT DE NEMOURS AND COMPANY, et al.
No. 2006-CC-2188.
Supreme Court of Louisiana.
November 22, 2006.
Writ denied.
VICTORY, J., concurs in the denial and assigns reasons.
VICTORY, J. (concurring in the denial of writs).
Although I believe the courts below reached the correct result in denying relator's motion for summary judgment, I write separately to dispel what I believe is an error in the reasoning of the court of appeal. The court of appeal implied that relator would need to prove that its own fault occurred prior to the rendition of Bell v. Jet Wheel Blast, 462 So.2d 166 (La. 1985), in order to avail itself of the defense of contributory negligence. However, I interpret our decision in Bell as standing for the proposition that contributory negligence was never available as a complete defense to a products liability case. In the absence of any expression to the contrary, that decision is given both retroactive and prospective effect. Bush v. National Health Care of Leesville, 05-2477 (La. 10/17/06), 939 So.2d 1216. Therefore, the question of when relator's fault occurred is irrelevant for this purpose.
Under Bell, it may be possible for relator to argue comparative fault on the part of plaintiffs. Nonetheless, I believe the percentage of fault, if any, which should be assigned to plaintiffs is a fact-intensive issue which is best addressed by the trier of fact after trial and is not appropriate for summary judgment.